UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHERINE DARRAH,

    Plaintiff,

v.                                                     Case No:   6:14-cv-258-Orl-40TBS

INT'L LODGING & ENTERTAINMENTS,
INC. and MOHAN C. ANAND,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' unopposed Motion for Approval of Settlement (Doc. 28) and the parties' Notice of Filing FLSA Settlement Agreement in Support of Unopposed Defendant's Motion for Approval of Settlement.  (Doc. 31).  The parties request the Court's approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim.  I have examined the motion, the Settlement Agreement (Doc. 31-1), and relevant case law.  For the reasons that follow, I respectfully recommend that the motion be **granted**.

### Background

Plaintiff Katherine Darrah brings this action against her employers, Defendants International Lodging & Entertainments, Inc. and Mohan C. Anand, for unpaid overtime compensation and unpaid minimum wages.  (Doc. 1).  She alleges that she was a non-exempt general manager for Defendants' business from September 26, 2012 through March 6, 2013.  (Id. ¶¶ 1, 15-16).  Plaintiff further alleges that Defendants required her to perform work in excess of forty hours per week for which she was not paid and that Defendants failed to pay her at least the minimum wage for all hours worked during one

or more work weeks.  (Id. ¶¶ 19-20).  Plaintiff alleges, inter alia, that she worked twelve hour shifts but was only paid for four hour shifts.  (Id. ¶ 20).  Defendants admits they employed Plaintiff but deny her allegations of wrongdoing.  (Doc. 8).  On January 6, 2014, the parties advised the Court that they had reached an agreement to resolve their dispute.  (Doc. 28).

## Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement.  Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation."  Id. at 1354.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.  My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

### A. Settlement Sum

Defendants have agreed to pay and Plaintiff has agreed to accept a total of $10,656 in settlement of Plaintiff's claims.  The money will be disbursed as follows: $2,828 representing unpaid wages, $2,828 representing liquidated damages, and $5,000 for attorney's fees and costs.  (Doc. 28 at 3; Doc. 31-1 at 3).  In her answers to the Court's interrogatories, Plaintiff said she believed she was entitled to $11,381.88 in (compensatory and liquidated) damages.  (Doc. 11 at 4).  Before agreeing to settle, the parties determined that there are disputes regarding whether Plaintiff worked off the clock and the accurate number of hours of overtime she worked, if any, which prompted them to conclude that each of their interests would be better served through early resolution than protracted, expensive, and uncertain litigation.  (Doc. 28 at 2).

Like most settlements, this one is driven by the facts and the parties are much better informed than the Court is about the facts.  No badges of fraud or overreaching are apparent and the parties are represented by experienced attorneys.  Therefore, I see no reason to question the parties' judgment and find that the settlement amounts are reasonable.

### B. Release or Estoppel

Page four of the settlement agreement contains the following sentence: "Plaintiff furthermore affirms that she has no known workplace injuries or occupational diseases." (Doc 31-1 at 4).  It appears that by this sentence, the parties have attempted to release Defendants from all currently-unknown health-related claims Plaintiff could possibly raise in the future, or to estop Plaintiff from making such claims.  Whether Plaintiff has claims for workplace injuries or occupational diseases is a matter not raised in the pleadings, and entirely separate from Plaintiff's entitlement to be paid in accordance with the law.

There also does not appear to be any consideration flowing to Plaintiff in exchange for the benefits this sentence confers on Defendants. Accordingly, this sentence appears to be a "'side deal[ ]' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." Moreno, 729 F. Supp. 2d at1351-52. Consequently, this sentence in the parties' settlement agreement "fails judicial scrutiny." Id. at 1352. I respectfully recommend that the district court employ the severability clause[1] in the settlement agreement and strike this sentence.

### C. Attorney's Fees

The parties represent that the $5,000 in attorney's fees and costs to be paid to Plaintiff's counsel, was negotiated separately from Plaintiff's recovery and without regard to the amount of the settlement sum. (Doc. 28 at 3-4). This is sufficient to establish the reasonableness of the fee and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### B. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district

---

[1] The severability clause provides:

> If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

(Doc. 31-1 at 5).

court **sever and delete** the objectionable sentence from page four of the parties' settlement agreement and then **grant** Defendants' unopposed Motion for Approval of Settlement (Doc. 28).

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on January 13, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding District Judge
    Counsel of Record